# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAMIA KHEDR,<br><br>    Plaintiff,<br><br>v.<br><br>AVIS BUDGET CAR RENTAL, LLC<br><br>    Defendant. | Civil Action No. 1:20-cv-00518<br><br>**<u>Jury Trial Demanded</u>** |

## **<u>COMPLAINT</u>**

   Plaintiff Ramia Khedr ("Ms. Khedr"), through her undersigned counsel, hereby brings this Complaint against her former employer Avis Budget Car Rental, LLC ("Avis Budget") based upon Avis Budget's discriminatory termination of Ms. Khedr on the basis of her disability, regarded disability, and sex in violation of the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*) (the "ADA"), the Fair Employment Practices Act (R.I. Gen. Laws § 28-5-1, *et seq.*) (the "FEPA"), the Civil Rights of People with Disabilities Act (R.I.G.L. § 42-87-1, *et seq.*) (the "CRPDA"), the Rhode Island Civil Rights Act of 1990 (R.I. Gen. Laws § 42-112-1, *et seq.*) (the "RICRA"), and Title VII of the Civil Rights Act of 1964 ("Title VII").  In addition, Avis Budget retaliated against Ms. Khedr and unlawfully interfered with, restrained, and denied her exercise of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA") and the Rhode Island Family and Medical Leave Act, R.I. Gen. Laws § 28-48-1, *et seq.* (the "RIFMLA").  As a result, Ms. Khedr has suffered severe physical and emotional distress, lost wages and benefits, and lost future wages and benefits, and has incurred medical bills.  In support of this complaint, Ms. Khedr avers as follows.

## Parties

1. Ms. Khedr is a citizen of Rhode Island and resides at 999 Providence Street, West Warwick, RI.

2. Avis Budget is a limited liability company organized under the laws of the State of Delaware with a principal place of business located at 6 Sylvan Way, Parsippany, NJ 07054.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1367, 29 U.S.C. § 216(b), and 29 U.S.C. § 2617(a)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## Facts

5. Ms. Khedr began working for Avis Budget in May of 2013 as a rental agent.

6. In November of 2014, Ms. Khedr was promoted to Operations Manager.

7. After working for Avis Budget in New York and Massachusetts, she left the company for a short period of time due to the long commute.

8. In June of 2017, Avis Budget's Regional Manager contacted Ms. Khedr and offered her the position of Operations Manager at the Rhode Island location.

9. Ms. Khedr accepted and worked in that capacity from that date through her termination.

10. In November of 2018, Ms. Khedr gave birth to her daughter and took leave pursuant to the FMLA.

11. After giving birth, Ms. Khedr was diagnosed with post-partum depression.

12. Due to the childbirth and postpartum diagnosis, Ms. Khedr was granted FMLA leave through March 4, 2019. On February 25, Ms. Khedr submitted a doctor's note indicating that due to postpartum complications, she would be unable to return to work until May 1, 2019.

13. Ms. Khedr applied for disability benefits under her Avis Budget-provided insurance policies and worked with the third part leave administrator[1] to extend her medical leave.

14. Ms. Khedr's FMLA leave was exhausted in April of 2019, at which time she discussed extending her medical leave through May 1, 2019.

15. Specifically, Ms. Khedr reached out to the New England HR Business Partner Eric Hyland, the third-party leave administrator, and her direct supervisor Daniel Richmond.

16. Ultimately, on May 1, 2019, Mr. Richmond provided Ms. Khedr with a blank reasonable accommodation request to extend her medical leave due to her disability.

17. Mr. Richmond told her that the form was due on May 10, 2019.

18. On May 9, 2019, Ms. Khedr submitted her reasonable accommodation request to extend her leave.

19. As of May 15, 2019, having not heard any response from Mr. Hyland, Ms. Khedr emailed him and indicated that she would like to engage "in a [d]ialogue regarding accommodation for my leave." She stated that after consulting with her doctor, she believed she "should be in better shape to return to work within 30 to 60 days." Ms. Khedr requested that Mr. Hyland "[p]lease [c]onsider this accommodation."

---

[1] The identity of the third-party administrator changed several times during this period, causing significant confusion and delay associated with Ms. Khedr's attempts to obtain insurance benefits and medical leave.

20. Mr. Hyland responded that day, claimed that her request for an accommodation that she submitted "didn't include an actual accommodation request, just that you cannot return to work, so what was shared yesterday is what we consider a reasonable leave extension timeline (i.e. RTW by June 3rd) considering your current leave status and our business conditions."

21. Mr. Hyland failed to provide any explanation for this return to work date, including the alleged "business conditions" that necessitated it.

22. Ms. Khedr then submitted a new reasonable accommodation request to Mr. Hyland on May 22, 2019 seeking extended leave through July 21, 2019, as set by her Certified Nurse-Midwife.

23. In response to the form's question "[h]ow long do you anticipate that [Ms. Khedr] will be [unable to work]," her medical care provider specifically stated "July 21st 2019 Return."

24. As of May 31, 2019, Ms. Khedr had not heard any response and began communicating with Mr. Richmond via text message seeking a response to her request.

25. While Ms. Khedr was at the doctor's office as her newborn daughter was having a surgical procedure, Mr. Richmond and Mr. Hyland called her and terminated her employment.

26. The stated reason was that Ms. Khedr's requested leave was too long due to Avis Budget's "business needs."

27. Neither Mr. Hyland nor Mr. Richmond were willing to discuss any other accommodations, including a less lengthy medical leave, and simply demanded that Ms. Khedr return her company car by June 17, 2019.

28. Avis Budget's vague claim of "business needs" necessitating a return date of June 3, 2019 has absolutely no factual support.

29. At the time of her termination, the Avis Budget location at which Ms. Khedr worked employed five Operations Managers.

30. At all times during her tenure there, Avis Budget only employed four Operations Managers.

31. In fact, during the summer of 2018, due to employee turnover and medical leaves, Ms. Khedr was one of only two Operations Managers working full time running operations at that location without issue.

32. During Ms. Khedr's pregnancy leave and disability leave, the other four Operations Managers were easily, and without hardship, covering all relevant shifts and performing all necessary work.

33. Avis Budget used employees from its Boston, MA location to cover ten shifts at Ms. Khedr's location from July 15, 2019 through July 25, 2019.

34. One Operations Manager at the Rhode Island location was on vacation from July 7, 2019 until July 13, 2019 and another was on vacation from July 12, 2019 through July 22, 2019.

35. As such, between July 7th and July 12th, Avis Budget was properly operating with only two Operations Managers and coverage from another Rhode Island employee.

36. From July 13th through July 22nd, it was properly operating with only two Operations Managers and Boston coverage for a total of ten shifts.

37. No coverage or hirings were necessary before July 15, 2019 which was less than a week before Ms. Khedr would have returned from medical leave.

38. In fact, Ms. Khedr was medically cleared to return to work on July 21, 2019.

39. Rather, the Boston coverage was necessitated by the vacations of other Operations Managers, not Ms. Khedr's absence.

40. In fact, in October of 2019, Ms. Khedr saw and printed an advertisement advertising Ms. Khedr's position.

41. Upon information and belief, as of today, Avis Budget had still not yet filled Ms. Khedr's role and was adequately managing operations despite one manager being out on paternity leave.

42. The "business needs" excuse was mere pretext for a termination that was actually on the basis of Ms. Khedr's disability and/or in retaliation for her having taken leave pursuant to the FMLA.

43. Avis Budget's termination was also discriminatory on the basis of gender.

44. Avis Budget has, in the very recent past, granted employees extended medical leaves as reasonable accommodations for non-pregnancy-related disabilities.

45. Had Ms. Khedr's disability been unrelated to her pregnancy—and therefore gender—her request for an extended medical leave would have been granted as they had in the past for other employees.

46. Ms. Khedr has lost various benefits since her termination including her health insurance, dental insurance, employer contributions into disability and unemployment, and the continued accrual of sick and vacation time.

47. Because of her termination, Ms. Khedr is unable to obtain the necessary medical care for her disability.

48. Because of her termination, Ms. Khedr's health has deteriorated.

49. Because of her termination, Ms. Khedr is unable to financially support her baby.

50. In fact, due to her loss of income and insurance, Ms. Khedr was forced to move out of the country for a period of time to live with her in-laws because she and her husband were unable to afford housing or other expenses on their own.

51. As a result of Avis Budget' actions detailed herein, including the termination, Ms. Khedr has suffered damages including loss of pay, loss of benefits, emotional distress, and humiliation.

52. The actions by Avis Budget as detailed herein were arbitrary, unreasonable, tortious, willful, wanton, reckless and in bad faith.

53. On March 9, 2020, Ms. Khedr filed a written charge of discrimination against Avis Budget (the "RICHR Complaint") with the Rhode Island Commission for Human Rights (the "Commission").

54. On September 29, 2020, the Commission issued a notice of right to sue (the "RICHR Notice of Right to Sue") terminating the proceedings before the Commission and authorizing Ms. Khedr to file suit under state law.

55. On October 20, 2020, the Equal Employment Opportunity Commission issued a notice of right to sue (the "EEOC Notice of Right to Sue") authorizing Ms. Khedr to file suit under federal law.

## COUNT I
## (Fair Employment Practices Act – R.I. Gen. Laws § 28-5-1, *et seq*.)

56. Ms. Khedr repeats and realleges Paragraphs 1-55 as if set forth in full herein.

57. Ms. Khedr is an employee as that term is defined by R.I. Gen. Laws § 28-5-6.

58. Avis Budget is an employer as that term is defined by R.I. Gen. Laws § 28-5-6.

59. Ms. Khedr suffered from a disability as that term is defined by R.I. Gen. Laws §§ 28-5-6 and 42-87-1.

60. Ms. Khedr was also regarded as having a disability by Avis Budget as that phrase is defined by R.I. Gen. Laws § 42-87-1.

61. It was an unlawful employment practice for Avis Budget to harass, retaliate against, and terminate Ms. Khedr because of her disability and sex.

62. It was an unlawful employment practice for Avis Budget to violate its duties regarding accommodations including refusing to engage in any meaningful dialogue or otherwise discuss potential reasonable accommodations with Ms. Khedr in order for her to maintain her employment.

63. It was an unlawful employment practice for Avis Budget to wrongfully refuse to accept Ms. Khedr's request for extended FMLA leave as a reasonable accommodation.

64. As a result of these violations of law as described herein, Ms. Khedr has suffered and continues to suffer damages.

## COUNT II
## (Title VII of the Civil Rights Act of 1964 - 42 U.S.C. § 2000e-1, et seq.)

65. Ms. Khedr repeats and realleges Paragraphs 1-64 as if set forth in full herein.

66. Avis Budget is an employer as that term is defined by 42 U.S.C. § 2000e-1.

67. Ms. Khedr is an employee as that term is defined by 42 U.S.C. §2000e-1.

68. Avis Budget discriminated against Ms. Khedr with respect to her compensation, terms, conditions, and privileges of employment because of Ms. Khedr's sex.

69. As a result of these violations of law as described herein, Ms. Khedr has suffered and continues to suffer damages.

## COUNT III
## (Civil Rights of People with Disabilities – R.I. Gen. Laws § 42-87-1, et seq.)

70. Ms. Khedr repeats and realleges Paragraphs 1-69 as if set forth in full herein.

71. Ms. Khedr suffered from a disability as that term is defined by R.I. Gen. Laws § 42-87-1.

72. Ms. Khedr was also regarded as having a disability by Avis Budget as that phrase is defined by R.I. Gen. Laws § 42-87-1.

73. Avis Budget terminated Ms. Khedr because of her disability and/or because it regarded her as having a disability.

74. Avis Budget failed to satisfy its duties regarding accommodations including refusing to engage in any meaningful dialogue or otherwise discuss potential reasonable accommodations with Ms. Khedr in order for her to maintain her employment.

9

75. Avis Budget wrongfully refused to accept Ms. Khedr's request for extended FMLA leave as a reasonable accommodation.

76. As a result of these violations of law as described herein, Ms. Khedr has suffered and continues to suffer damages.

## COUNT IV
### (Americans with Disabilities Act - 42 U.S.C. § 12101, *et seq*.)

77. Ms. Khedr repeats and realleges Paragraphs 1-76 as if set forth in full herein.

78. Ms. Khedr suffered from a disability as that term is defined by 42 U.S.C. § 12102.

79. Ms. Khedr was also regarded as having a disability by Avis Budget as that phrase is defined by 42 U.S.C. § 12102.

80. Avis Budget terminated Ms. Khedr because of her disability and/or because it regarded her as having a disability.

81. Avis Budget failed to satisfy its duties regarding accommodations including refusing to engage in any meaningful dialogue or otherwise discuss potential reasonable accommodations with Ms. Khedr in order for her to maintain her employment.

82. Avis Budget wrongfully refused to accept Ms. Khedr's request for extended FMLA leave as a reasonable accommodation.

83. As a result of these violations of law as described herein, Plaintiff has suffered and continues to suffer damages.

## COUNT V
### (RI Civil Rights Act of 1990 – R.I. Gen. Laws § 42-112-2)

84. Ms. Khedr repeats and realleges Paragraphs 1-83 as if set forth in full herein.

85. Ms. Khedr suffers from a disability as that term is defined by R.I. Gen. Laws §§ 42-112-1 and 42-87-1.

86. Ms. Khedr was also regarded as having a disability by Avis Budget as that phrase is defined by R.I. Gen. Laws § 42-87-1.

87. Avid Budget terminated Ms. Khedr and otherwise discriminated against her because of her sex and disability and/or because it regarded her as having a disability.

88. Avis Budget failed to satisfy its duties regarding accommodations including refusing to engage in any meaningful dialogue or otherwise discuss potential reasonable accommodations with Ms. Khedr in order for her to maintain her employment.

89. Avis Budget wrongfully refused to accept Ms. Khedr's request for extended FMLA leave as a reasonable accommodation.

90. As a result of these violations of law as described herein, Ms. Khedr has suffered and continues to suffer damages.

## COUNT VI
### (Family and Medical Leave Act – 29 U.S.C. § 2615(a)(1))

91. Ms. Khedr repeats and realleges Paragraphs 1-90 as if set forth in full herein.

92. Avis Budget is engaged in commerce or in an industry affecting commerce.

93. Avis Budget employs, and has employed, more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current and preceding calendar year.

94. Ms. Khedr had been employed for at least twelve (12) months by Avis Budget and for at least 1,250 hours of service with Avis Budget during the previous 12-month period.

95. In November of 2018 through May of 2019, Ms. Khedr exercised her right to medial leave pursuant to the FMLA due to giving birth to her child and her subsequent diagnosis of post-partum depression.

96. Avis Budget terminated Ms. Khedr before she returned to work as retaliation for her having exercised her rights.

97. The actions of Avis Budget in terminating Ms. Khedr while she was on leave constituted interference with, restraint against, and denial of her rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1).

98. As a result of these violations of law as described herein, Ms. Khedr has suffered and continues to suffer damages.

## COUNT VII
### (RI Parental and Family Medical Leave Act – R.I. Gen. Laws § 28-48-1, *et seq.*)

99. Ms. Khedr repeats and realleges Paragraphs 1-98 as if set forth in full herein.

100. Ms. Khedr is an "employee" as that term is defined by and interpreted under R.I. Gen. Laws § 28-48-1(2).

101. Avis Budget is an "employer" as that term is defined by and interpreted under R.I. Gen. Laws § 28-48-1(3).

102. Avis Budget interfered with and restrained Ms. Khedr's exercise of or the attempt to exercise her right to leave provided by the RIFMLA.

103. Avis Budget discharged and terminated Ms. Khedr in retaliation for her having exercised her right to leave provided by the RIFMLA.

104. As a result of these violations of law as described herein, Ms. Khedr has suffered and continues to suffer damages

WHEREFORE Plaintiff Ramia Khedr prays for judgment against the Defendant Avis Budget Car Rental, LLC including: an award of actual, compensatory, equitable, punitive, and liquidated damages in an amount to be set by the jury; attorneys' fees and costs; interest thereon; and such other and further relief as to the Court seems meet and just.

## JURY DEMAND

Ms. Khedr hereby demands a jury on all claims so triable.

RAMIA KHEDR

By Her Attorney,

ENRIGHT LAW LLC

/s/ Thomas J. Enright
Thomas J. Enright (#7356)
696 Reservoir Avenue
Cranston, RI 02910
(401) 526-2620
(401) 457-7117  FAX
tom@enrightlawoffice.com

DATED:  December 11, 2020